UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL J. PREVO,

    Plaintiff,

v.

KING COUNTY DEPARTMENT OF EXECUTIVE SERVICES, et al.,

    Defendants.

CASE NO. C05-0067C

ORDER

This matter has come before the Court on Defendants' motion for summary judgment (Dkt. No. 17) and Plaintiff's motions: (1) to strike the declaration of Paul D. Hardy (Dkt. No. 27); (2) for a Rule 56(f) continuance (Dkt. No. 26); and (3) for leave to amend his complaint (Dkt. No. 25). Having carefully considered the papers filed by the parties, the Court hereby GRANTS Defendants' motion and DENIES Plaintiff's motions.

Plaintiff brought this 42 U.S.C. § 1983 action, alleging that Defendants had subjected him to race-based discrimination and ultimately wrongfully terminated his employment. (Compl. 3.) Although his complaint did not name the Constitutional right or the law that had allegedly been violated, *see* 42 U.S.C. § 1983 (protecting against "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"), Defendants proceeded on the assumption that the underlying substantive

ORDER – 1

allegations amounted to a Title VII complaint (*see* Defs.' Mot. 4 (citing *Washington v. Garrett*, 10 F.3d 1421, 1432–33 (9th Cir. 1993) (discussing requirements for a Title VII case))). Thus, because Defendants have addressed all of the legal and factual issues raised by a Title VII claim, Plaintiff's pending motion to amend is immaterial and futile. *See* FED. R. CIV. P. 15(a) (providing that leave to amend a complaint or pleading "shall be freely given when justice so requires"). *But see Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (explaining that a court shall not grant leave where "the amendment of the complaint . . . constitutes an exercise in futility"). Plaintiff's motion to amend his complaint is therefore DENIED.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

In the present case, Plaintiff moved for a continuance of Defendants' summary judgment motion.[1]

---

[1] Although, as Defendants point out, Plaintiff failed to respond in a timely manner to Defendants' motion, the Court nevertheless, in the interest of justice, considers Plaintiff's papers.

ORDER – 2

Fed. R. Civ. P. 56(f) provides, in relevant part, that

> [s]hould it appear from the affidavits of a party opposing [a summary judgment motion] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had.

The Ninth Circuit has further clarified how this rule should operate: "To prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (2004) (citing *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). In addition, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence exists, and that it would preclude summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Plaintiff's request for a continuance not only fails to allude to any evidence that might preclude summary judgment and raise an issue of material fact, it concedes that "Plaintiff Prevo cannot present sufficient evidence to support the original Complaint filed in 2005." (Pl.'s Mot. for Continuance 3.) Defendants' motion quite clearly outlines for Plaintiff the categories of evidence necessary to rebut the summary judgment motion. Among the most important deficiencies pointed out by Defendants are Plaintiff's failure to allude to facts that could support crucial elements of his prima facie cases for either disparate treatment or racial harassment. Yet, having been fully informed of what kind of evidence he needed to bring forth, or simply suggest existed (for the purposes of the continuance motion), Plaintiff utterly failed to supply any indication that such necessary evidence exists. For these reasons, Plaintiff's motion for a continuance is DENIED.

Finally, Plaintiff moved to strike the declaration of Paul Hardy, Plaintiff's supervisor while Plaintiff was employed by King County. Plaintiff's motion to strike is presented on the basis that Mr. Hardy's declaration is inadmissible hearsay. However, Mr. Hardy, as Plaintiff's supervisor, and an actual

ORDER – 3

1  participant in all of the incidents described in the declaration, makes his declaration from personal
2  knowledge. For this reason, the declaration is properly considered admissible and may be considered in
3  the context of Defendants' summary judgment motion.
4      Because Plaintiff failed to show that there are any material facts in dispute, and because Plaintiff
5  concedes that "Plaintiff Prevo cannot present sufficient evidence to support the original Complaint filed in
6  2005,) Defendants' motion is hereby GRANTED.
7      Plaintiff's complaint is hereby DISMISSED with prejudice.
8
9      SO ORDERED this 11th day of April, 2006.

_/s/ John C. Coughenour_
UNITED STATES DISTRICT JUDGE

26 ORDER – 4